<u>**NOT FOR PUBLICATION**</u>                    [Docket Nos. 7 and 9]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| TAMARA KELLY, : | |
| : | Civil No. 08-0423 (RMB) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **OPINION** |
| CHARLES F. CONNOR, Acting : | |
| Secretary, United States : | |
| Department of Agriculture : | |
| : | |
| Defendant. : | |

This matter comes before the Court upon defendant Charles F. Conner's (the "Defendant") motion to dismiss the Complaint for failure to make effective and timely service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).  As set forth in the moving papers, Defendant contends that plaintiff, Tamara Kelly, (the "Plaintiff"), failed to comply with the procedure for serving federal defendants pursuant to Federal Rule of Civil Procedure 4(i), which requires service of the summons and complaint by delivery or post on the United States Attorney for the district where the action is brought, as well as the registered or certified mailing of a copy to the Attorney General of the United States and to the officer or agency being sued.  Here, Plaintiff apparently first served the New Jersey

Department of Agriculture, and later, when notified of her error, served only the United States Department of Agriculture, and not the Attorney General and United States Attorney as required by Rule 4(i). Plaintiff admits that she did not serve Defendant properly and now seeks an extension of time to effect proper service.

If a plaintiff does not properly serve the summons and complaint, the Court may dismiss it pursuant to Federal Rule of Civil Procedure 4(m). The Federal Rules of Civil Procedure also provide that a party may request a waiver of formal service. <u>See</u> Federal Rule of Civil Procedure 4(d)(2). Specifically, a plaintiff may request waiver of service by providing a written request and complying with the provisions of Federal Rule of Civil Procedure 4(d)(2).

Federal Rules of Civil Procedure 12(b)(2) and (5) permit dismissal of an action based on a defect in the process. Federal Rule of Civil Procedure 4(m) provides that courts may dismiss actions where "service of the summons and complaint has not been made within 120 days after the filing of the complaint" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m).

Prior to dismissing a suit pursuant to Rule 4(m), the Court should determine whether good cause exists for granting an extension of time to effectuate proper service. <u>Petrucelli v.</u>

Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Even if no good cause exists, a Court has discretion to grant the extension anyway. Id. Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecoms. Corp. V. Teleconcepts, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing Petrucelli, 46 F.3d at 1312). Some of the factors courts examine in determining if cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve. Peters v. United States HUD, 2006 U.S. Dist. Lexis 4727, *7 (D.N.J. 2006).

 Here, all three factors weigh in favor of Plaintiff's contention that she had cause for failing to properly serve Defendant. First, she made a reasonable, albeit procedurally defective, effort to serve Defendant. The Court is troubled that Plaintiff's attorney apparently failed to consult the rules both before attempting service and after she was notified that the first attempt at service was defective. Nonetheless, relying on her previous experience serving other federal defendants,[1]

---

[1] Plaintiff's attorney assumed that Defendant would, on his own initiative, forward service to the Attorney General of the United States and the United States Attorney, as apparently

3

Plaintiff erred in good-faith.  Second, Defendant has not proffered any evidence suggesting that it was prejudiced by Plaintiff's omissions, and the Court finds no such evidence on the record.  And finally, Plaintiff has moved for an extension to cure the defective service.

Accordingly, for these reasons, the Court will exercise its discretion, and deny the motion to dismiss, but direct Plaintiff to effect service on Defendant within 45 days from the entry of this Order under pain of dismissal.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: October 3, 2008

---

occurred when she served the United States Postal Service in a past case.  (Pl. Resp. Br. at 1.)